UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENIGNO ARGUDO, on behalf of himself, individually, and on behalf of all others similarly-situated,<br><br>Plaintiff,<br><br>-against-<br><br>RUGO, LLC d/b/a PORTOFINO RESTAURANT and MARIO RUGOVA, individually,<br><br>Defendants. | **COMPLAINT**<br><br>Docket No.: 21-cv-5511<br><br>Jury Trial Demanded |

BENIGNO ARGUDO ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs," as this term is defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against RUGO LLC d/b/a PORTOFINO RESTAURANT ("Portofino") and MARIO RUGOVA, individually, (collectively, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the minimum wage provisions of the FLSA, 29 U.S.C. § 206(a); (iii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 146-1.4; (iv) the minimum wage provisions of the NYLL, NYLL § 652(1), 12 NYCRR § 146-1.2; (v) the NYLL's requirement that employers pay their employees an additional one hour's pay at the minimum

1

wage rate for those days when their employees' spread of hours exceeds ten in a workday, NYLL § 652, 12 NYCRR § 146-1.6; (vi) the NYLL's requirement that employers furnish employees with a wage notice at hire containing specific categories of accurate information, NYLL § 195(1); (vii) the NYLL's requirement that employers furnish employees with a wage statement on each payday containing specific categories of accurate information, NYLL § 195(3); and (viii) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - a New York limited liability company that operates a Bronx-based restaurant and its owner and day-to-day overseer - - as a non-managerial cook from November 14, 2017 to on or around February 28, 2019.  As described below, throughout his employment, Defendants willfully failed to pay Plaintiff the wages lawfully due to him under the FLSA and the NYLL.  Specifically, Defendants routinely required Plaintiff to work, and Plaintiff did work, in excess of forty hours in a workweek, but paid him a flat weekly salary that operates by law to cover only his forty hours of work in a week, and thus failed to pay Plaintiff at any rate, let alone at the rate of one and one-half times his regular rate, for any hours that Plaintiff worked in a week over forty.  Moreover, Defendants paid Plaintiff below the minimum wage rate that the FLSA and the NYLL require for all hours worked.

3. Defendants further violated the NYLL and the NYCRR by failing to: pay Plaintiff an additional hour's pay, at the minimum wage rate, for all days during which his spread of hours worked exceeded ten; provide Plaintiff with any wage notice upon his hire, let alone an accurate one; and provide Plaintiff with any wage statement on each payday, let alone an accurate statement.

4. Defendants paid and treated all of their non-managerial back of the house employees in the same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period, who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings his claims under New York law on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts into this action.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201 *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

8. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

9. At all relevant times herein, Defendant Portofino was and is a New York limited liability company with its principal place of business located at 555 City Island Avenue, Bronx, New York 10464.

10. At all relevant times herein, Defendant Rugova was and is the owner and day-to-day overseer of Portofino, who in that role was and is ultimately responsible for all matters with respect to the hiring and firing of employees, as well as determining employees' hours, rates, and

methods of pay, and for maintaining employment records, including those matters with respect to Plaintiff.

11. At all relevant times herein, both Defendants were and are "employers" within the meaning of the FLSA and the NYLL. Additionally, at all times relevant to the FLSA, Defendant Portofino's qualifying annual business exceeded and exceeds $500,000, and Portofino was and has been engaged in interstate commerce within the meaning of the FLSA, as it has employed and employs two or more employees, operates a business that sells food and alcohol obtained from outside of New York, and accepts payment in cash that naturally moves across state lines, as well as credit cards as a form of payment based on cardholder agreements with out-of-state companies, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime and/or minimum wage compensation, and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial back of the house employees, who during the applicable FLSA limitations period, performed any work for Defendants, and who consent to file a claim to recover overtime compensation and/or minimum wages and liquidated damages that is legally due to them ("FLSA Plaintiffs").

13. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; (5) were not paid the

required rate of one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty, and/or (6) were not paid at least at the statutorily-required minimum rate of pay for all hours worked.

14. At all relevant times, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, and at least at the statutorily-required minimum rate of pay for all hours worked, yet they purposefully and willfully chose and choose not to do so.  Specifically, Plaintiff repeatedly addressed his concerns regarding Defendants' failure to pay him minimum wage and overtime with Rugova, yet Defendants continued to violate the FLSA by requiring him to work over forty hours in a week without paying him overtime.

15. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, and/or at least at the statutorily-required minimum rate of pay for all hours worked, in violation of the FLSA.

**BACKGROUND FACTS**

16. Defendant Portofino is a limited liability company that operates an Italian restaurant located at 555 City Island Avenue, Bronx, New York 10464.

17. Defendant Rugova owns and manages Defendant Portofino on a daily basis, and in that role is responsible for all matters with respect to hiring, firing, and disciplining employees, as well as determining all employees' rates and methods of pay and hours worked and for distributing work duties.  Indeed, Rugova personally hired Plaintiff, determined the schedule and hours that Plaintiff worked, and set and paid Plaintiff his wages on behalf of Defendants.

18.     Plaintiff worked for Defendants as a non-managerial cook from November 14, 2017 to on or around February 28, 2019.  As his title suggests, Plaintiff worked in the kitchen, and his duties involved preparing the food as well as cleaning the kitchen.

19.     Throughout his employment, Defendants required Plaintiff to work, and Plaintiff did generally work, six days per week, Tuesday to Friday from 11:00 a.m. to 11:00 p.m. or 11:30 p.m., and Saturday and Sunday from 11:00 a.m. to 12:00 a.m., with Monday off, and without any scheduled or uninterrupted break during his shifts.  Thus, throughout his employment, Defendants required Plaintiff to work, and Plaintiff did routinely work, either seventy-four or seventy-six hours in a week.

20.     For his work, Defendants paid a fixed weekly salary, regardless of how many hours that he worked in a week, as follows: from the beginning of his employment until in or around the end of May 2018, $450.00; from in or around June 2018 until in or around the beginning of September 2018, $500.00; and from in or around mid-September 2018 until the end of his employment, $450.00.  Plaintiff's salary operated by law to cover only the first forty hours that he worked in a week.  Defendants, therefore, did not pay Plaintiff any wages for any hours that he worked in a week over forty, and for minimum wage purposes, paid Plaintiff less than the minimum wage rate that either the FLSA or the NYLL required for all hours worked.

21.     By way of example only, for the week of January 6 through January 12, 2019, Defendants required Plaintiff to work, and Plaintiff did work, the following schedule, without any scheduled or uninterrupted breaks during any shift:

   Sunday, January 6, 2019: 11:00 a.m. to 12:00 a.m.

   Monday, January 7, 2019: off;

   Tuesday, January 8, 2019: 11:00 a.m. to 11:00 p.m.;

>Wednesday, January 9, 2019: 11:00 a.m. to 11:00 p.m.;
>
>Thursday, January 10, 2019: 11:00 a.m. to 11:00 p.m.;
>
>Friday, January 11, 2019: 11:00 a.m. to 11:00 p.m.; and
>
>Saturday, January 12, 2019: 11:00 a.m. to 12:00 a.m.

Accordingly, Plaintiff worked a total of seventy-four hours during this week. In exchange for his work, Defendants paid Plaintiff a flat weekly rate of $450.00, which covered only the first forty hours that Plaintiff worked. Defendants failed to pay Plaintiff at any rate for any of the thirty-four hours that he worked this week over forty. Moreover, for minimum wage purposes, Defendants paid Plaintiff less than the minimum rate that either the FLSA or the NYLL required for all hours worked.

22. Further, throughout Plaintiff's employment, Defendants required Plaintiff to work shifts that exceeded ten hours from start to finish, including six days during the week as described in the paragraph above, yet for those days failed to pay him an additional hour's pay at the applicable minimum wage rate.

23. Defendants also failed to provide Plaintiff with any wage notice at the time of his hire, let alone one that accurately contained, *inter alia*, Plaintiff's regular and overtime rates of pay as designated by the employer.

24. Defendants paid Plaintiff in cash on a weekly basis.

25. On each occasion when Defendants paid Plaintiff, they failed to provide Plaintiff with any wage statement, let alone one that accurately listed, *inter alia*, his total hours worked that week, his regular and overtime rates of pay for every hour that he worked, and his spread-of-hours wages owed.

26. Defendants treated Plaintiff and FLSA Plaintiffs in the same manner described herein.

27. Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs and overhead.

28. Each hour that Plaintiff and FLSA Plaintiffs worked was for Defendants' benefit.

### **FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the FLSA*

29. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

30. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

31. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

32. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

33. Defendants willfully violated the FLSA.

34. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

35. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Minimum Wages Under the FLSA*

36. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

37. 29 U.S.C. § 206(a) prescribes a minimum wage that employers must pay to their employees for each hour worked.

38. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

39. As also described above, Defendants failed to compensate Plaintiff and FLSA Plaintiffs at minimum hourly rate that the FLSA requires for all hours worked.

40. Defendants willfully violated the FLSA.

41. At the least, Plaintiff and FLSA Plaintiffs are entitled to the minimum rate of pay that the FLSA requires for all hours worked.

42. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's minimum wage provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the NYLL and the NYCRR*

43. Plaintiff and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

44. NYLL § 160 and 12 NYCRR § 146-1.4 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

45. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL and the NYCRR.

46. As also described above, Plaintiff and any FLSA Plaintiff who opts into this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

47. Plaintiff and any FLSA Plaintiff who opts into this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

48. Plaintiff and any FLSA Plaintiff who opts into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and NYCRR's overtime provisions.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Minimum Wages Under the NYLL and the NYCRR*

49. Plaintiff and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

50. NYLL § 652 and 12 NYCRR § 146-1.2 prescribe a minimum wage that employers must pay to their employees for each hour worked.

51. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL and the NYCRR.

52. As also described above, Defendants failed to compensate Plaintiff and any FLSA Plaintiff who opts into this action, at the minimum hourly rate that the NYLL and the NYCRR require for all hours worked.

53. At the least, Plaintiff and any FLSA Plaintiff who opts into this action, are entitled to the minimum rate of pay that the NYLL and the NYCRR require for all hours worked.

54. Plaintiff and any FLSA Plaintiff who opts into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's minimum wage provisions.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Violation of the NYLL's and the NYCRR's Spread of Hours Requirements*

55. Plaintiff and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

56. NYLL § 652 and 12 NYCRR § 146-1.6 provide that employees shall receive one hour's pay at the minimum hourly wage rate for any day worked in which their spread of hours exceeds ten.

57. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL and the NYCRR.

58. As also described above, Plaintiff and any FLSA Plaintiff who opts into this action, worked days where their spread of hours exceeded ten, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's spread-of-hours provisions.

59. Plaintiff and any FLSA Plaintiff who opts into this action, are entitled to spread-of-hours pay, in the amount of one hour's pay at the minimum hourly wage rate, for any day that they worked in which their spread of hours exceeded ten.

60. Plaintiff and any FLSA Plaintiff who opts into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's spread-of-hours provisions.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Notices in Violation of the NYLL*

61. Plaintiff and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

62. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

63. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL.

64. As also described above, Defendants failed to furnish Plaintiff and any FLSA Plaintiff who opts into this action, with any wage notice at the time of hire, let alone one that accurately contained all of the criteria that the NYLL requires.

65. Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts into this action, in the amount of $50.00 for each workweek after the violation initially occurred, up to a statutory cap of $2,500.00 per person.

66. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts into this action, in the amount of $50.00 for each workday after the violation initially occurred, up to a statutory cap of $5,000.00 per person.

### SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

67. Plaintiff and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

68. NYLL § 195(3) requires that employers furnish employees with a wage statement that contains accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

69. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL.

70. As also described above, Defendants, on each payday, failed to furnish Plaintiff and any FLSA Plaintiff who opts into this action, with any wage statement, let alone one that accurately contained all of the criteria that the NYLL requires.

71. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts into this action, in the amount of $100.00 for each workweek that the violation occurred, up to a statutory cap of $2,500.00 per person.

72. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts into this action, in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00 per person.

## DEMAND FOR A JURY TRIAL

73. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff and/or FLSA Plaintiffs for participation in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Awarding all damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

    f.   Granting liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

    g.   Awarding Plaintiff and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and any other costs, and an award of a service payment to Plaintiff;

    h.   Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

    i.   Pre-judgment and post-judgment interest, as provided by law; and

    j.   Granting Plaintiff and FLSA Plaintiffs other and further relief as the Court finds necessary and proper.

Dated: Garden City, New York
       June 23, 2021

                                  Respectfully submitted,

                                  BORRELLI & ASSOCIATES, P.L.L.C.
                                  *Attorneys for Plaintiff*
                                  910 Franklin Avenue, Suite 200
                                  Garden City, New York 11530
                                  Tel.   (516) 248-5550
                                  Fax.  (516) 248-6027

                        By:   */s/ Danielle Petretta*
                                  DANIELLE PETRETTA (DP 5566328)
                                  ALEXANDER T. COLEMAN (AC 1717)
                                  MICHAEL J. BORRELLI (MB 8533)