```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
BENIGNO ARGUDO,                                                   :
                                         Plaintiff,               :
                                                                  :    1:21-cv-5511-GHW
                                                                  :
             -against-                                            :
                                                                  :    MEMORANDUM
                                                                  :    OPINION & ORDER
                                                                  :
RUGO, LLC, doing business as PORTOFINO                            :
RESTRAUANT, and MARIO RUGOVA,                                     :
                                                                  :
                                         Defendants.              :
                                                                  :
----------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/16/2023

GREGORY H. WOODS, United States District Judge:

## I. BACKGROUND

On September 13, 2023, following a three-day jury trial, the jury returned a verdict in favor of Plaintiffs with respect to all of the claims presented. *See* Dkt. No. 88 (the "Verdict Sheet"). Plaintiffs are therefore entitled to the payment of attorneys' fees and costs pursuant to Section 663 of the New York Labor Law (the "NYLL"). *See* N.Y. Lab. Law § 663 (McKinney).

The Court ordered Plaintiff to file a motion for its attorneys' fees and costs by October 4, 2023, and directed that any opposition be filed no later than October 11, 2023. Dkt. No. 89. On October 4, 2023, Plaintiff filed his motion, Dkt. No. 92, along with a supporting memorandum of law, Dkt. No. 93 (the "Mem. of Law"), and a declaration, Dkt. No. 94 (the "Weiss Decl."), containing three exhibits. Exhibit A consisted of detailed contemporaneous time records for the attorneys and paralegal of Plaintiff's law firm, Borrelli & Associates, P.L.L.C. (the "Firm"), for work performed on behalf of Plaintiff in this matter. *See* Dkt. No. 94-1. Exhibit B contained a series of affidavits from various labor and employment law attorneys who practice in this district, attesting to their hourly rates and relevant professional backgrounds. *See* Dkt. No. 94-2. Exhibit C contained

numerous invoices, covering the Firm's costs for service of process, mail, subpoenas, interpretation services, transcripts, transportation, courthouse parking, printing, and electronic legal research via Westlaw.  Defendant did not file an opposition.

## II. LEGAL STANDARD

In order to evaluate the reasonableness of fees to be awarded to a prevailing party under the NYLL, the Court begins by calculating the lodestar.  "[T]he lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'"  *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)).  Second Circuit precedent requires a party seeking an award of attorneys' fees to support its request with contemporaneous time records that show "for each attorney, the date, the hours expended, and the nature of the work done."  *N.Y. State Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).  "The task of determining a fair fee requires a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended."  *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994).

While presumptively reasonable, the lodestar is not "conclusive in all circumstances."  *Id.* at 167 (quoting *Perdue v. Kenny A. ex rel Winn*, 559 U.S. 542, 553 (2010)).  A district court "may adjust the lodestar when it does not adequately take into account a factor that may properly be considered in determining a reasonable fee.  However, such adjustments are appropriate only in rare circumstances, because the lodestar figure [already] includes most, if not all, of the relevant factors constituting a reasonable attorney's fee."  *Id.* (internal quotations and citations omitted, alteration in original).  District courts have "considerable discretion" in determining what constitutes a reasonable award of attorneys' fees.  *Arbor Hill*, 522 F.3d at 190.

To determine a reasonable hourly rate, the Second Circuit has directed that district "courts should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Restivo v. Hessemann*, 846 F.3d 547, 590 (2d Cir. 2017) (quoting *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009)).  Those hourly rates "are the market rates 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)).

To determine a reasonable hourly rate, the Second Circuit has also instructed district courts to "bear in mind *all* of the case-specific variables." *Arbor Hill*, 522 F.3d at 190.  The touchstone inquiry is "what a reasonable, paying client would be willing to pay." *Id.* at 184; *see id.* at 192 ("By asking what a reasonable, paying client would do, a district court best approximates the workings of today's market for legal services.").  The court should "bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively" and "should also consider that [a client] might be able to negotiate with his or her attorneys." *Id.* at 190.  A district court may additionally factor into its determination "the difficulty of the questions involved[,] the skill required to handle the problem[,] the time and labor required[,] the lawyer's experience, ability and reputation[,] the customary fee charged by the Bar for similar services[,] and the amount involved." *OZ Mgmt. LP v. Ozdeal Inv. Consultants, Inc.*, No. 09 Civ. 8665 (JGK) (FM), 2010 WL 5538552, at *2 (S.D.N.Y. Dec. 6, 2010) (alterations in original) (quoting *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1263 (2d Cir. 1987)), *report and recommendation adopted*, No. 09 Civ. 8665 (JGK), 2011 WL 43459 (S.D.N.Y. Jan. 5, 2011); *see also Arbor Hill*, 522 F.3d at 190 ("[T]he district court should consider . . . the *Johnson* factors . . . .").[1]

---

[1] "The twelve *Johnson* factors are:  (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time

3

After establishing the appropriate hourly rate, a court must determine how much time was reasonably expended in order to arrive at the presumptively reasonable fee. A court should exclude from the lodestar calculation "excessive, redundant[,] or otherwise unnecessary hours." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999). "[I]n dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1989) (internal quotation marks omitted). That said, "[t]he relevant issue . . . is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992).

"The district court retains discretion to determine what constitutes a reasonable fee." *Millea*, 658 F.3d at 166 (quoting *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 758 (2d Cir. 1998)). "However, this discretion is not unfettered," and "the district court must abide by the procedural requirements for calculating those fees articulated by [the Second Circuit] and the Supreme Court." *Id.* "Attorney's fees must be reasonable in terms of the circumstances of the particular case . . . ." *Alderman v. Pan Am World Airways*, 169 F.3d 99, 102 (2d Cir. 1999).

## III. DISCUSSION

### A. Attorneys' Fees

#### 1. Reasonable Rates

The hourly rates billed by Plaintiff's counsel during the relevant time period were reasonable. During the relevant time period, the two partners involved in this case, Michael J. Borrelli and

---

limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Arbor Hill*, 522 F.3d at 187, n.3 (citing *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), *abrogated by Blanchard v. Bergeron*, 489 U.S. 87, 109 (1989)).

Alexander T. Coleman, billed at respective rates of $400 per hour and $350 per hour.[2] *See* Mem. of Law at 5. Mr. Borrelli is the Firm's managing partner, *id.*, and he "monitored the progress of Plaintiff's case and advised associates on the strategy of this matter," Weiss Decl. ¶ 25. In his twenty-two years of practicing law, he has focused primarily on litigating employment law cases. *Id.* ¶ 33. Mr. Coleman, who has been practicing law for fifteen years, *id.* ¶ 42, supervises all associates at the Firm, *id.* ¶ 45; and he "reviewed all written submissions" in this case, *id.* ¶ 25.

Mr. Borrelli and Mr. Coleman's rates are within the range of acceptable billing rates for partners litigating wage-and-hour disputes in this district. *See, e.g.*, *Chen v. Shanghai Cafe Deluxe, Inc.*, 2023 WL 2401376, at *15 (S.D.N.Y. Mar. 8, 2023) ("Courts in this District have determined that a 'fee ranging from $250 to $450 is appropriate for experienced litigators in wage-and-hour cases.'") (quoting *Pastor v. Alice Cleaners, Inc.*, 2017 WL 5625556, at *7 (S.D.N.Y. Nov. 21, 2017)); *Lopez v. Emerald Staffing, Inc.*, 2020 WL 915821, at *13 (S.D.N.Y. Feb. 26, 2020) ("In this district, courts generally award experienced wage-and-hour attorneys between $300 to $400 per hour.") (collecting cases). The Court therefore finds that Mr. Borrelli and Mr. Coleman's rates are reasonable.

The lead trial counsel and principal senior associate on this case from January 9, 2023 to the present, Andrew C. Weiss, billed his time at an hourly rate of $250. Weiss Decl. ¶¶ 24, 52. A senior associate with six years of legal experience, Mr. Weiss took on substantial responsibility for litigating this case; he accounts for 150.3 of the 452.8 hours of attorney time sought for this matter.[3] *See id.* ¶¶ 26, 47. The rate that he billed ($250/hour, *id.* ¶ 52) is within the range of rates billed by associates of his seniority litigating FLSA/NYLL matters. *See, e.g.*, *Chen v. Shanghai Cafe Deluxe, Inc.*,

---

[2] According to Mr. Weiss' Declaration, Mr. Borrelli customarily bills at a rate of $500 per hour, and Mr. Coleman customarily bills at a rate of $400 per hour—$100 per hour and $50 per hour, respectively, more than that sought for this case. *See* Weiss Decl. ¶ 27. Mr. Weiss attests that even these higher rates are "well below the customary rates charged by named/managing partners at similar firms." *Id.* The Firm reportedly reduces its billing rates, across the board, for wage-and-hour cases "to square with what courts in this Circuit have previously found to be reasonable." *Id.* ¶ 29.

[3] The Firm attested to spending 558.8 total hours of attorney and paralegal time on this matter. *Id.* ¶ 26. Plaintiff's motion seeks attorneys' fees covering only 452.8 hours of the Firm's time, due to the deductions noted in n.7, *infra*.

2023 WL 2401376, at *15 (S.D.N.Y. Mar. 8, 2023) ("Courts in this District have determined that a 'fee ranging from $250 to $450 is appropriate for experienced litigators in wage-and-hour cases.'")

Danielle Petretta, who served as the former principal senior associate on the case from April 20, 2021 to January 8, 2023, billed $200 per hour.[4] *Id.* ¶¶ 24, 55. Like Mr. Weiss, Ms. Petretta—who also has six years of legal experience—took on substantial responsibility for this case's litigation; she did so through the conclusion of discovery. *Id.* ¶¶ 53–54. Her work accounted for 153.7 of the 452.8 hours of attorney time sought for this matter. *See id.* ¶ 26. The rate that she billed ($200/hour, *id.* ¶ 55) is likewise within the range of rates billed by associates of her seniority litigating FLSA/NYLL matters. *See, e.g.*, *Chen*, 2023 WL 2401376, at *15. The rates charged by Mr. Weiss and Ms. Petretta are reasonable given the complexity of the case and the scope of their respective responsibilities in litigating it.

The Firm's law clerk, Alexis C. Godley, received her law degree in 2022 and billed $100 per hour for her work preparing this matter for trial.[5] Weiss Decl. ¶¶ 26, 56. This rate is commensurate with the hourly rate charged by law clerks in wage-and-hour cases in this district. *See, e.g.*, *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 514 (S.D.N.Y. 2011) (collecting cases, and stating that a rate of $125 per hour for law clerks was reasonable and "consistent with rates awarded by the courts in other FLSA or similar statutory fee cases"); *Gurung v. Malhotra*, 851 F. Supp. 2d 583, 597 (S.D.N.Y. 2012) (awarding $150 per hour for a law clerk in a NYLL/FLSA case). This rate, too, is reasonable given the complexity of the case and the nature of the work performed by Ms. Godley in litigating it.

---

[4] According to Mr. Weiss' Declaration, the customary hourly rate that the Firm bills for senior associates, with five or more years of experience, is $400—$150 per hour more than that sought for Mr. Weiss, and $200 per hour more than that sought for Ms. Petretta. *See* Weiss Decl. ¶ 27.
[5] According to Mr. Weiss' Declaration, the customary hourly rate that the Firm bills for law clerks is $125. Weiss Decl. ¶ 27.

The paralegal involved in this case, Pablo Martinez, billed at an hourly rate of $90.[6]  Weiss Decl. ¶¶ 26, 57–59.  He performed "the paralegal and clerical duties associated with this matter, including, but not limited to, providing interpretation and translation services, as he is bilingual." *Id.* ¶ 57.  The billed rate of $90 per hour is commensurate with the hourly rate charged by paralegals in NYLL/FLSA cases in this district.  *See, e.g.*, *Silva v. Legend Upper W. LLC.*, 590 F. Supp. 3d 657, 665 (S.D.N.Y. 2022) (collecting cases, and stating, in a NYLL/FLSA case, that "$100.00 is . . . in line with what has been found reasonable by courts in this District for paralegals in similar cases"); *Allende*, 783 F. Supp. 2d at 514 (finding reasonable a rate of $100 per hour for paralegals in a NYLL/FLSA case).  This rate is appropriate given the complexity of the case and the nature of the work performed by the paralegal on it.

2. **Reasonable Number of Hours**

The hours expended by counsel and the paralegal in this case were reasonable.  "In determining the number of hours reasonably expended for purposes of calculating the lodestar, the district court should exclude excessive, redundant or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims."  *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999).  Having reviewed all the billing records presented by Plaintiffs, *see* Weiss Decl., Ex. A, the Court concludes that the total amount of attorney hours expended in this matter was a "reasonable number of hours required by the case."  *Millea*, 658 F.3d at 166.  This case, originating over two years ago, proceeded through discovery and a three-day trial, at which Plaintiff secured an affirmative verdict as to every claimed violation of the NYLL.

Indeed, the case was efficiently staffed and litigated.  Substantially all of the legal work on the case was undertaken by two principal associates, with a reasonable amount of supervision by the

---

[6] According to Mr. Weiss' Declaration, the customary hourly rate that the Firm bills for paralegals is $125.  Weiss Decl. ¶ 27.

partners involved in the case.[7]  Moreover, rather than seeking compensation for the full number of hours to which the attorneys and paralegal in this case reportedly dedicated their time (558.8 hours), Plaintiff's motion seeks attorneys' fees covering only 452.8 hours of the Firm's time, due to the deductions noted in n.7.  *See* Weiss Decl. ¶¶ 25–26.  The Court finds that the amount of hours billed by Plaintiff's counsel in this litigation was reasonable.

## B. Reimbursement of Costs

The costs that Plaintiff's counsel seeks to recover are appropriate and reasonable.  Plaintiff's counsel seeks reimbursement of a total of $8,627.96 in costs expended litigating this matter, consisting of the $402.00 filing fee; $301.78 for service of process, mailing, and subpoenas; $3,356.00 for the four interpreters' services at trial; $1,981.86 for trial transcripts; $1,313.85 for deposition transcripts; $70.00 for travel reimbursement; $891.22 for translating notices sent out pursuant to the conditional certification order; $111.25 for Westlaw research; and $200.00 for printing expenses.  *Id.* ¶ 61.  "[A]ttorney[s'] fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients."  *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998)).  "As with attorneys' fees, the requesting party must substantiate the request for costs.  Court fees reflected on the Court's docket are sufficiently substantiated, as are costs for which a claimant provides extrinsic proof, such as invoices or receipts."  *Guo v. Tommy's Sushi, Inc.*, No. 14 CIV. 3964 (PAE), 2016 WL 452319, at *3 (S.D.N.Y. Feb. 5, 2016).

Moreover, "[f]iling fees are recoverable without supporting documentation if verified by the docket."  *Korzeniewski v. Sapa Pho Vietnamese Rest. Inc.*, No. 17-CV-5721-MKB-SJB, 2019 WL 312149,

---

[7] "Indeed, to prevent duplicative work, only one senior associate was working on and performing the essential litigation tasks on the case, sometimes with the assistance of a junior associate and/or law clerk to whom it made sense to delegate certain tasks, all under the supervision of the Firm's partners."  Weiss Decl. ¶ 25.  Plaintiff does not seek compensation for any of the time spent by junior associates working on the case, *id.* at n.3; nor does Plaintiff seek compensation "for any attorney or paralegal that spent fewer than ten hours of collective time working on this case, which accounts for the exclusion of 35.2 hours," Mem. of Law at 11 (citing Weiss Decl. Ex. A).  In addition, "Plaintiff's counsel . . . only billed once for internal correspondence and conferences between attorneys, as well as time spent reviewing ECF bounces."  Weiss Decl. ¶ 26.

at *12 (E.D.N.Y. Jan. 3, 2019), *report and recommendation adopted*, No. 17CV05721MKBSJB, 2019 WL 291145 (E.D.N.Y. Jan. 23, 2019); *Philpot v. Music Times LLC,* No. 16CV1277 (DLC) (DF), 2017 WL 9538900, at *1 (S.D.N.Y. Mar. 29, 2017), *report and recommendation adopted,* No. 16CV1277 (DLC), 2017 WL 1906902 (S.D.N.Y. May 9, 2017) (noting that the filing fee is "a fact of which the Court can take judicial notice"). Here, the docket indicates that the filing fee was paid. Dkt. No. 1. Plaintiff's counsel's affidavit documents the payment as well, *see* Weiss Decl. ¶ 61, which is itself sufficient, *see Guo*, 2016 WL 452319, at *3.

Plaintiff's application for reimbursement of its process server fee, including costs of mailing and subpoenas, is also sufficiently substantiated. To document costs for which reimbursement is sought, in addition to invoices and receipts, "[a] sworn statement or declaration under penalty of perjury that certain amounts were expended on particular items is also sufficient." *Guo*, 2016 WL 452319, at *3. Here, the process server fee, as well as costs of mailing and subpoenas, are documented through both invoices and counsel's affidavit. Weiss Decl. ¶ 61; *id.*, Ex. C, at 2, 4–6, 8.

In addition, Plaintiff's application for reimbursement of its travel expenses, costs for electronic research, trial and deposition transcripts, and printing is sufficiently substantiated. With the exception of the trial transcripts, which were documented via affidavit alone,[8] all of these expenses were documented through both invoices and counsel's affidavit. Weiss Decl. ¶ 61; *id.*, Ex. C, at 2–3, 11–21. District courts in this Circuit have deemed these types of expenses recoverable in NYLL/FLSA cases. *See, e.g.*, *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 624 (S.D.N.Y. 2012) (stating that "Class Counsel's unreimbursed expenses, including filing fees, telephone charges, postage, transportation, working meals, photocopies, and electronic research . . . [were] reasonable and . . . incidental and necessary to the representation"); *Star Ins. Co. v. A&J*

---

[8] Counsel's affidavit states that "Plaintiff's counsel agreed to pay for the trial transcripts and verbally received this invoice, which has yet to be formally conveyed or paid because we are still awaiting the transcript." Weiss Decl. ¶ 61, n.5. Notwithstanding the lack of a written invoice, this documentation is sufficient. *See Guo*, 2016 WL 452319, at *3.

9

*Constr. of New York, Inc.*, No. 15CV8798CSJCM, 2018 WL 6177857, at *7 (S.D.N.Y. Nov. 26, 2018) (collecting cases, and finding "Plaintiff's attorney['s] costs for travel, photocopying, mail, WestLaw court fees and transcripts totaling $3,758.42 [to be] reasonable").

Last, the Court finds that Plaintiff's application for reimbursement of its costs for interpretation services and the translation of notices is sufficiently substantiated. These expenses were documented through both invoices and counsel's affidavit. Weiss Decl. ¶ 61; *id.*, Ex. C, at 2–3, 7, 9–10, 14–15, 22–23. Counsel additionally provided evidence of the agreements between the Firm and the interpreters whose services they utilized. *See id.*, Ex. C, at 10, 15, 22–23. These show that the interpreters' hourly rates ranged from approximately $115 to $150, *see id.* at 10, 22. Second Circuit district courts have found similar costs for interpretation services in NYLL/FLSA cases to be reasonable. *See, e.g.*, *Hernandez v. JRPAC Inc.*, No. 14 CIV. 4176 (PAE), 2017 WL 66325, at *2 (S.D.N.Y. Jan. 6, 2017) (stating that $4,500 in fees for two interpreters during a three-day trial, who each charged $750 per day, were "reasonable [costs], and of the type commonly reimbursed by courts in this District"); *Silva*, 590 F. Supp. at 667 (finding "reasonable and reimbursable" interpretation costs accounting for "most" of an award of costs totaling $5,293.90); *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 515 (S.D.N.Y. 2011) (awarding costs of $1,537.50 for interpretation services at depositions and a settlement conference in an NYLL/FLSA case). Here, the Court finds the requested $3,356 reasonable to cover the combined services of the four Spanish-speaking interpreters, who assisted both Plaintiff and Defendants—after the latter failed to secure their own interpreters for their Spanish-speaking witness—over the course of the three-day trial. As a result, the full amount of costs for which Plaintiff's counsel seeks reimbursement is reasonable and compensable.

## IV. CONCLUSION

The Court awards Plaintiff $95,122.50 in attorneys' fees and $8,627.96 in costs. Plaintiff was additionally awarded $151,658.18 in statutory damages, which includes prejudgment interest calculated as of September 15, 2023. Dkt. No. 90. Awarding Plaintiff the additional prejudgment interest for every day after September 15, 2023 to the present, accruing at a rate of $14.16/day, sums to $438.96.[9] These amounts, taken together, sum to $255,847.60.

The Clerk of Court is directed to: (1) enter judgment in the amount of $255,847.60 against Defendants, plus post-judgment interest on all monies due at a daily rate to be determined by the Clerk of Court until Defendants comply with the judgment, pursuant to 28 U.S.C. § 1961(a),[10] plus any penalty for failing to render payment within ninety days, pursuant to NYLL § 198(4);[11] (2) to terminate the motion pending at Dkt. No. 92; and (3) to close this case.

SO ORDERED.

Dated: October 16, 2023
New York, New York

_____
GREGORY H. WOODS
United States District Judge

---

[9] From September 16, 2023 to October 16, 2023, inclusive, there are 31 days; $14.16/day x 31 days = $438.96.
[10] *See* 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court . . . interest shall be calculated from the date of the entry of judgment at [the federal] rate equal to the weekly average 1–year constant maturity Treasury yield . . . for the calendar week preceding the date of judgment.").
[11] *See* N.Y. Lab. Law § 198(4) (McKinney) ("[Any] judgment or court order awarding remedies under this section shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent.").