**BORRELLI & ASSOCIATES**
— P.L.L.C. —

www.employmentlawyernewyork.com

655 Third Avenue                910 Franklin Avenue
Suite 1821                      Suite 200
New York, NY 10017              Garden City, NY 11530
Tel. No. 212.679.5000           Tel. No. 516.248.5550
Fax No. 212.679.5005            Fax No. 516.248.6027

December 15, 2023

<u>*Via Electronic Case Filing*</u>
The Honorable Gregory H. Woods
United States District Judge for the
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    <u>*Benigno Argudo v. Rugo LLC et. al.*; Docket No.: 21-cv-05511 (GHW)</u>

Dear Judge Woods:

      As this Court knows, we represent Plaintiff Benigno Argudo in the above-referenced post-judgment wage and hour matter against Defendants Rugo LLC d/b/a Portofino Restaurant and Mario Rugova, individually. We write seeking an Order compelling Defendant Rugova to appear for an in-person deposition pursuant the notice of deposition, which we initially served on his counsel on October 17, 2023, and most recently on November 19, 2023, pursuant to Federal Rules of Civil Procedure ("FRCP") 30(b)(1) and 69, and ordering Defendants to pay the anticipated invoice from U.S. Legal Support for the stenographer's fee due to Defendant Rugova's failure to appear for his deposition, pursuant to FRCP 37(d).

      By way of background, and as this Court well knows, on June 23, 2021, Plaintiff brought this action against Defendants alleging violations of the Fair Labor Standards Act and the New York Labor Law. *See* Dkt. No. 1. On October 16, 2023, after the jury trial and motion for attorneys' fees that followed, this Court entered a judgment against Defendants in Plaintiff's favor for a damages award of $152,097.14, plus post-judgment interest, $95,122.50 in attorneys' fees, and $8,627.96 in costs. *See* Dkt. No. 96. On November 16, 2023, more than thirty days had elapsed since the Court's filing of the judgment, and Defendants did not file any notice of appeal. To date, Defendants have not paid one cent of the damages award, attorneys' fees, or costs owed to Plaintiff.

On October 17, 2023, our office served Defendants' counsel of record with a notice of deposition of Defendant Rugova, attached hereto as Exhibit A, to take place in-person at our Garden City office.[1] In response, Defendants' counsel requested that the deposition date be moved to November 11, 2023, to which Plaintiff agreed. On November 8, 2023, Defendants' counsel indicated that Defendant Rugova had contracted COVID and requested another adjournment of the deposition. Subsequently, on November 19, 2023, our office sent out another Notice of Deposition, annexed hereto as Exhibit B, to take place on November 30, 2023. On November 29, 2023, Defendants' counsel contacted our office to inform Plaintiff that Defendant Rugova would not be attending the deposition because he was in Aruba, but that he was available to be deposed any day on the following week. In response, our office agreed to rescheduled the deposition for December 6, 2023, to take place at the same location and same time as listed in the November 19, 2023 Notice of Deposition. *See* Exhibit C. On December 4, 2023, and December 5, 2023, Defendants' counsel failed to respond to our office's electronic correspondence attempting to find out whether Defendant Rugova intended to not appear for his deposition again. On December 6, 2023, Defendant Rugova failed to appear for his deposition and Defendants' counsel remained unresponsive to Plaintiff's attempts to communicate. Defendant Rugova's failure to appear was noted on the record by Plaintiff's stenographer from U.S. Legal Support. As a result, Plaintiff unnecessarily incurred the costs associated with reserving the stenographer, for which an invoice and transcript of the non-appearance is currently pending.

A judgment creditor may rely on federal or state discovery procedures in order to obtain information relevant to the satisfaction of a judgment. *See* Fed. R. Civ. P. 69(a)(2); *see Soundkillers LLC v. Young Money Entm't, LLC*, 2016 WL 4990257, at *3 (S.D.N.Y. Aug. 2, 2016), adopted, 2016 WL 4926198 (S.D.N.Y. Sept. 15, 2016); *Fed. Ins. Co. v. CAC of NY*, 2015 WL 5190850, at *2 (E.D.N.Y. Sept. 4, 2015). Defendants, who are judgment-debtors, have acted in bad faith in refusing to respond to appear for a deposition in New York. *See* Fed. R. Civ. P. 30(b)(1) ("A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition"); *Stapleton v Prince Carpentry, Inc.*, 2023 WL 1785547, at *2 (E.D.N.Y. Feb. 6, 2023) (granting defendant's motion to compel the deposition of plaintiff to take place in-person). FRCP 37(d) states in pertinent part that "if a party . . . fails, after being served with proper notice, to appear for that person's deposition . . . the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Here, Plaintiff incurred costs[2] due to Defendant Rugova's failure to appear for his deposition without any notice to Plaintiff's counsel, after Plaintiff's

---

[1] Plaintiff's counsel chose to waste no time in initially noticing the Rule 69 Deposition, as, after trial, Defendants had indicated their intention to never pay the judgment in Plaintiff's favor, and failed to respond to any of Plaintiff's attempts to discuss the same.

[2] Should the Court grant this motion, Plaintiff's counsel will produce the invoice for the stenographer upon receipt.

counsel had rescheduled said deposition multiple times in an attempt to accommodate him. *See John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145, 146 (S.D.N.Y. 2014) ("Pursuant to [Rule 37(d)], a court may award a variety of sanctions but 'must' require the recalcitrant party or its attorney or both 'to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.'") (quoting Fed. R. Civ. Pro. 37(d)).

Therefore, we respectfully request that this Court issue an Order compelling Defendant Rugova to appear for the previously noticed deposition, and ordering Defendants to either pay the invoice to U.S. Legal Support for the deposition that Defendant Rugova failed to appear for, or to reimburse Plaintiff for the same.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

Andrew C. Weiss, Esq.
*For the Firm*

To:   All Counsel *via* ECF