```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
BENIGNO ARGUDO,                                                :
                                         Plaintiff,            :
                                                               :           1:21-cv-5511-GHW
                                                               :
             -against-                                         :                ORDER
                                                               :
                                                               :
                                                               :
RUGO, LLC, doing business as PORTOFINO                         :
RESTRAUANT, and MARIO RUGOVA,                                  :
                                                               :
                                                               :
                                        Defendants.            :
-------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/3/2024

GREGORY H. WOODS, United States District Judge:

On December 15, 2023, Plaintiff filed a motion seeking to "compel[] Defendant Rugova to appear for the previously noticed deposition, and ordering Defendants to either pay the invoice to U.S. Legal Support for the deposition that Defendant Rugova failed to appear for, or to reimburse Plaintiff for the same." Dkt. No. 98 at 3. Plaintiff then filed a supplemental declaration on December 27, 2023, supplying the stenographer's invoice for that deposition. Dkt. No. 102. Defendants' objection, if any, was due no later than January 2, 2024. Dkt. No. 103. Given that no objection was filed by January 2, 2024, the Court treats the motion as fully submitted.

Under Rule 37(d), "the court must require the party failing [to appear for their deposition] to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3); *see also John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145, 146 (S.D.N.Y. 2014) ("Pursuant to [Rule 37(d)], a court may award a variety of sanctions but 'must' require the recalcitrant party or its attorney or both 'to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was

substantially justified or other circumstances make an award of expenses unjust.'") (quoting Fed. R. Civ. Pro. 37(d)).  Here, Defendants' counsel at the December 21, 2023 conference did not argue that the failure was substantially justified, or that other circumstances make an award of expenses unjust.  Nor did Defendants' counsel take the opportunity to do so by filing an opposition.

Given that the application is unopposed, and pursuant to Rule 37, Defendants are ordered to pay Plaintiff's counsel the amount due in the invoice to U.S. Legal Support, *see* Dkt. No. 102-1, for the deposition for which Defendant Rugova failed to appear.  Defendants must pay Plaintiff's counsel this amount by no later than January 17, 2024.

SO ORDERED.

Dated: January 3, 2024
New York, New York

_____
GREGORY H. WOODS
United States District Judge