UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                 :

BENIGNO ARGUDO,                                       :
                                       Plaintiff, :

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/21/2024

1:21-cv-5511-GHW

-against-      ORDER

RUGO, LLC, *doing business as* PORTOFINO
RESTRAUANT, *and* MARIO RUGOVA,

                       Defendants.
------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

## I. BACKGROUND

On December 15, 2023, Plaintiff Argudo moved to compel Defendant Rugova "to appear for an in-person deposition pursuant the notice of deposition, which [Plaintiff] initially served on [Rugova's] counsel on October 17, 2023, and most recently on November 19, 2023, pursuant to Federal Rules of Civil Procedure ('FRCP') 30(b)(1) and 69, and ordering Defendants to pay the anticipated invoice from U.S. Legal Support for the stenographer's fee due to Defendant Rugova's failure to appear for his deposition, pursuant to FRCP 37(d)." Dkt. No. 98 at 1. Defendants declined to file any opposition, and at the Decemebr 21, 2023 conference, Defendants declined the opportunity to argue that the failure to comply was substantially justified, or that other circumstances made an award of expenses unjust. *See* Dkt. No. 104.

Accordingly, the Court granted the unopposed motion to compel, ordering Mr. Rugova to appear for a January 3, 2024 deposition, Dkt. No. 101, and to pay the stenographer's invoiced fee of $500 by January 17, 2024, Dkt. No. 104; *see also* Dkt. No. 102 (supplying the stenographer's invoice via Plaintiff's affirmation). In its December 21, 2023 order, the Court ordered that "should Defendant Mario Rugova fail to comply with this Court's Order, he may, upon application from the

Plaintiff and at this Court's discretion, be held in contempt, and thus, be subject to additional monetary sanctions and such other relief as the Court deems proper." Dkt. No. 101. Any objections to the order to pay the invoice were due by no later than January 2, 2024. Dkt. No. 103. On January 23, 2024, Plaintiff advised the Court of Mr. Rugova's continued nonpayment and renewed his request for sanctions. Dkt. No. 105. The Court stated: "If Defendants have not paid the U.S. Legal Support invoice by January 31, 2024, Plaintiff should file a proposed order to show cause for why the Court should not impose contempt sanctions on Defendants, along with supporting documentation." Dkt. No. 106 at 2.

On February 7, 2024, Plaintiff filed the proposed order to show cause, Dkt. No. 107; a memorandum of law, Dkt. No. 108; and a declaration, Dkt. No. 109. In his declaration, Plaintiff's counsel attests that on February 5, 2024, "in good faith, Plaintiff's counsel emailed Defendants' counsel to follow up on the past due payment in violation of the Court's Order, and in response, Defendants' counsel only requested that Plaintiff undertake the additional time and expense of mailing Defendant Rugova, personally, a copy of the Court's January 25, 2024 Order and a copy of the $500.00 invoice." Dkt. No. 109 ¶ 11; *see also id.*, Ex. A (quoting Defendants' counsel as saying "Please mail [Mr. Rugova] the invoice and the court order and he will pay it. Sent from my iPad[.]"). As of February 7, 2024, "Plaintiff has not received any payment from Defendants." Dkt. No. 109 ¶ 10. Defendants' opposition, if any, to the motion for contempt was due by February 13, 2024. Dkt. No. 110. None arrived. Defendants and Defendants' counsel failed to appear at the hearing on February 21, 2024, despite the Court specifically ordering Mr. Rugova himself to attend the conference in person. *See* Dkt. No. 110.

## II.     DISCUSSION

### A. Civil Contempt

It is well established that "courts have inherent power to enforce compliance with their

lawful orders through civil contempt." *Spallone v. United States*, 493 U.S. 265, 276 (1990) (internal quotation marks omitted); *see also* 18 U.S.C. § 401 (authorizing courts "to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority . . . as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command"). "The purpose of civil contempt, broadly stated, is to compel a reluctant party to do what a court requires of [it]." *Badgley v. Santacroce*, 800 F.2d 33, 36 (2d Cir. 1986). "Because a contempt order is a severe sanction, it is subject to the higher 'clear and convincing' evidence standard rather than the usual preponderance of the evidence standard applicable to other civil cases." *Chere Amie, Inc. v. Windstar Apparel, Corp.*, 175 F. Supp. 2d 562, 565 (S.D.N.Y. 2001) (collecting cases). Thus, a court may hold a party or a non-party in civil contempt for failing to comply with a court order where: "(1) the order the contemnor failed to comply with is clear and unambiguous; (2) the proof of non-compliance is clear and convincing; and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004) (internal quotation marks omitted).

1. *Clear and Unambiguous Order*

"[A] federal court [must] frame its orders so that those who must obey them will know what the court intends to require and what it means to forbid." *Drywall Tapers & Pointers of Greater N.Y., Local 1974 of I.B.P.A.T AFL-CIO v. Local 530 of Operatives Plasterers & Cement Masons Int'l Ass'n*, 889 F.2d 389, 400 (2d Cir. 1989) (internal quotation marks and citation omitted). "Thus, the first element—that the order be 'clear and [un]ambiguous'—requires that the order 'be specific in terms' and that it 'shall describe in reasonable detail . . . the act or acts sought to be restrained.'" *Yurman Studio, Inc. v. Castaneda*, Nos. 07 Civ. 1241, 07 Civ. 7862 (SAS), 2009 WL 454275, at *2 (S.D.N.Y. Feb. 23, 2009) (quoting *Drywall Tapers*, 889 F.2d at 400).

The Court's January 3, 2024 and January 25, 2024 orders were clear and unambiguous in

3

requiring Defendants to pay the invoice. The Court's January 3, 2024 order unambiguously compelled Defendants "to pay Plaintiff's counsel the amount due in the invoice to U.S. Legal Support, *see* Dkt. No. 102-1, for the deposition for which Defendant Rugova failed to appear," and to do so "by no later than January 17, 2024." Dkt. No. 104 at 2. Additionally, the Court's January 25, 2024 order stated: "If Defendants have not paid the U.S. Legal Support invoice by January 31, 2024, Plaintiff should file a proposed order to show cause for why the Court should not impose contempt sanctions on Defendants, along with supporting documentation." Dkt. No. 106 at 2. The Court has no difficulty in concluding that its orders, which directed Defendants twice pay the invoice, were clear and unambiguous. The Court also warned Defendants in its prior ruling on the motion to compel, Dkt. No. 101, that failure to comply could lead to sanctions.

### 2. *Clear and Convincing Evidence of Non-Compliance*

In the context of civil contempt, "the clear and convincing standard requires a quantum of proof adequate to demonstrate a reasonable certainty that a violation occurred." *Levin v. Tiber Holding Corp.*, 277 F.3d 243, 250 (2d Cir. 2002) (internal quotation marks omitted). Plaintiff's counsel attested under penalty of perjury that Defendants have failed to pay the stenographers' fee. *See* Dkt. No. 109 ¶ 10 ("[A]s of the date of this filing, Plaintiff has not received any payment from Defendants."). Therefore, the Court finds that there is clear and convincing evidence that Mr. Rugova has failed to comply with the Court's January 3, 2024 and January 25, 2024 orders.

### 3. *Diligence*

"Reasonable diligence, at the very least, requires a party [or non-party] to develop reasonably effective methods of compliance." *Zino Davidoff SA v. CVS Corp.*, No. 06 Civ. 15332 (RJS), 2008 WL 1775410, at *8 (S.D.N.Y. Apr. 17, 2008); *see, e.g.*, *Cancer Research Inst., Inc. v. Cancer Research Soc'y, Inc.*, 744 F. Supp. 526, 530 (S.D.N.Y. 1990). "Although the Second Circuit has not been squarely confronted with the question of what constitutes 'reasonable diligence,' it has noted that 'substantial

4

compliance' is the appropriate standard in evaluating noncompliance in a contempt case." *Yurman Studio*, 2009 WL 454275, at *2 (citations omitted).

Here, Defendants have taken no steps towards complying with the Court's orders. Defendants declined to oppose Plaintiff's initial motion seeking an award of the costs associated with Mr. Rugova's failure to attend his deposition; nor did Defendants submit an opposition in advance of today's hearing. When Plaintiff's counsel inquired on February 5, 2024 of Defendants' intent to remit payment, Defendants' counsel responded by asking Plaintiff's counsel to do his job—namely, to communicate to his own client the court order and the $500 invoice. *See* Dkt. No. 109 ¶ 11; *id.*, Ex. A. At the December 21, 2023 status conference regarding the initial motion to compel, moreover, Defendant's counsel stated that his retainer agreement with his client had "run out," that he would "prefer to do as little work as possible" on the case, and that he accordingly had no opposition to the motion to compel.

The Court does not find this to be persuasive evidence of diligent efforts to comply with the Court's orders. Neither the defendants nor their counsel have taken virtually any action to comply with the Court's orders despite repeated deadline extensions and ample opportunity to do so. Because Defendants have made no attempt to pay the invoice, the Court finds that Defendants did not diligently attempt to comply with the Court's orders.

Plaintiff has demonstrated that (1) Defendants have failed to comply with the Court's clear and unambiguous January 3, 2024 and January 25, 2024 orders, (2) the proof of non-compliance is clear and convincing, and (3) Defendants have not diligently attempted to comply in a reasonable manner. Accordingly, the Court finds that holding Mr. Rugova in civil contempt is warranted.

### B. Contempt Sanctions

Civil contempt sanctions may be used to "coerce the contemnor into future compliance with the court's order or to compensate the complainant for losses resulting from the contemnor's past

5

noncompliance." *N.Y. Stale Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1352 (2d Cir. 1989); *see United States v. United Mine Workers of Am.*, 330 U.S. 258, 304 (1947); *Manhattan Indus., Inc. v. Sweater Bee by Banff, Ltd.*, 885 F.2d 1, 6 (2d Cir. 1989). "It is basic law that a civil contempt sanction must only be compensatory or coercive, and may not be punitive." *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 144 (2d Cir. 2014). When the purpose of a sanction is coercive, courts have "broad discretion to design a remedy that will bring about compliance." *Perfect Fit Indus. Inc. v. Acme Quilting Co.*, 673 F.2d 53, 57 (2d Cir. 1982); *see also Vuitton et Fils S. A. v. Carousel Handbags*, 592 F.2d 126, 130 (2d Cir. 1979) ("[T]he district judge, sitting in equity, is vested with wide discretion in fashioning a remedy."). In devising a remedy for a party or non-party's civil contempt, courts must consider: "(1) the character and magnitude of the harm threatened by the continued contumacy; (2) the probable effectiveness of any suggested sanction in bringing about compliance; and (3) the contemnor's financial resources and the consequent seriousness of the burden of the sanction upon [it]." *Dole Fresh Fruit Co. v. United Banana Co.*, 821 F.2d 106, 110 (2d Cir. 1987). Essentially, a fine must "be substantial enough to make it more economical for [the contemnor] to comply than not to comply." *Perfect Fit Indus., Inc.*, 673 F.2d at 57.

Applying these factors, the Court concludes that beginning on March 21, 2024, a fine of $50 per day for each day of non-compliance—escalating to $100 per day after 21 days—is necessary to coerce Mr. Rugova into compliance with the Court's orders. The magnitude of the harm is relatively low given the relatively low cost of the stenographers' invoice, $500. Nonetheless, Defendants have twice been ordered to comply, and Defendants have exhibited no interest in complying with the Court's orders to date, making sanctions warranted. Neither party has presented evidence regarding the contemnor's financial resources. The Court is not aware of any financial difficulties had by Mr. Rugova, whose counsel informed the Court at the December 21, 2023 proceeding that Mr. Rugova was recently vacationing in Aruba, an expense that surely cost more than the $500 Mr. Rugova owes

6

to Plaintiff. Thus, defense counsel's own representations suggest an ability to pay, at the very least, the amount of this invoice.

As a result, the Court concludes that a monetary sanction is appropriate to ensure compliance. Considering the relevant factors, a fine of $50 per day for each day of non-compliance after an appropriate grace period, escalating to $100 per day after 14 days, is severe enough to encourage Defendants to comply quickly with the Court's orders, but is not so severe as to be punitive.

### C. Attorneys' Fees and Costs

The Court also grants Plaintiff's request for attorneys' fees and costs incurred as a result of his efforts to secure Defendants' compliance with the Court's orders and to hold Defendants in contempt. *See* Dkt. No. 107 (requesting reasonable attorneys' fees and costs in the proposed order to show cause). "[T]he decision to award fees rests in the court's equitable discretion." *Crescent Publ'g Grp., Inc. v. Playboy Enters., Inc.*, 246 F.3d 142, 147 (2d Cir. 2001); *see Weitzman v. Stein*, 98 F.3d 717, 719-20 (2d Cir. 1996) (contempt case noting that "trial courts enjoy considerable discretion in determining the appropriate amount of attorney fees"); *Casale v. Kelly*, 710 F. Supp. 2d 347. 367 (S.D.N.Y. 2010) ("A court may award appropriate attorney fees and costs to a victim of contempt." (internal quotation marks omitted)). "When deciding whether to award fees, courts have focused on the willfulness of the contemnor's misconduct." *Weitzman*, 98 F.3d at 719. The Second Circuit has made clear that "to survive review in this court, a district court, having found willful contempt, would need to articulate persuasive grounds for any denial of compensation for the reasonable legal costs of the victim of contempt." *Id.* Significantly, courts in this Circuit have awarded attorneys' fees where a party or a non-party willfully fails to comply with a Court's orders. *See, e.g., Casale v. Kelly*, 710 F. Supp. 2d 347, 367 (S.D.N.Y. 2010) (awarding attorneys' fees and costs incurred in ensuring opponent's compliance with court orders through a motion for contempt); *Shady Recs., Inc.*

*v. Source Enterprises, Inc.*, 351 F. Supp. 2d 64, 73 (S.D.N.Y. 2004) (same); *Harrison Baking Co. v. Bakery & Confectionery Workers, Loc. No. 3, AFL-CIO*, 777 F. Supp. 306, 311 (S.D.N.Y. 1991) (same).

Here, the Court finds that Defendants have acted willfully in ignoring the Court's orders. Defendants were served via their counsel of record with two orders of this Court, and Defendants have not indicated to Plaintiff or to the Court any meaningful intent to remit payment. Consequently, the Court has no hesitation in granting Plaintiff's request for reasonable attorneys' fees and costs incurred by Plaintiff in bringing the contempt motion. No later than February 28, 2024, Plaintiff is directed to submit an affidavit, supported by contemporaneous time records or other appropriate documentation, attesting to the legal fees and costs incurred in seeking to compel the defendants' compliance with the Court's January 3, 2024 and January 25, 2024 orders.

### III.    CONCLUSION

Accordingly, the Court holds Mr. Rugova in civil contempt for failing to comply with the Court's January 3, 2024, and January 25, 2024 orders. If Mr. Rugova does not comply with the Court's order to pay the $500 stenographer fee to Plaintiff's counsel by March 21, 2024, Mr. Rugova shall pay to the Court a coercive fine of $50 for each subsequent day of non-compliance, escalating to $100 per day 21 days after March 21, 2024. The Court will reevaluate the amount of these fines on or about April 11, 2024 in the event that Defendants have not complied in full by that date. Defendants are also ordered to pay Plaintiff reasonable attorneys' fees in an amount to be determined following Plaintiff's anticipated submissions, which are due no later than February 28, 2024.

SO ORDERED.

Dated: February 21, 2024
New York, New York

_____
GREGORY H. WOODS
United States District Judge

8