USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/1/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
:
BENIGNO ARGUDO, :
                               Plaintiff, :
:        1:21-cv-5511-GHW
:
            -against- :        <u>ORDER</u>
:
:
RUGO, LLC, *doing business as* PORTOFINO :
RESTRAUANT, *and* MARIO RUGOVA, :
:
                            Defendants. :
----------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

      On February 7, 2024, the Court ordered Defendants to show cause for why the Court should not find them in contempt, impose monetary sanctions, and grant reasonable attorneys' fees and costs for Plaintiff "having to bring th[e] contempt motion to enforce his rights under the Court's Orders," Dkt. Nos. 104, 106. Dkt. No. 110. Following a show-cause hearing at which Defendants failed to appear, on February 21, 2024 the Court entered an order "hold[ing] Mr. Rugova in civil contempt for failing to comply with the Court's January 3, 2024, and January 25, 2024 orders," setting a graduated series of fines if Defendants failed to pay the invoice, and ordering Defendants "to pay Plaintiff reasonable attorneys' fees in an amount to be determined following Plaintiff's anticipated submissions" thereon. Dkt. No. 111 at 8. The Court entered this order predicated on the factual understanding that Mr. Rugova was indeed failing to comply with the Court's orders at the time. In other words, the Court understood that Mr. Rugova had not yet paid the $500 invoice as of the date of the hearing—February 21, 2024—based on Plaintiff's counsel's submissions prior to the hearing, as well as counsel's representations at the hearing.

      On February 28, 2024, Plaintiff filed a letter requesting attorneys' fees and expenses totaling $3,962.30, with an accompanying declaration and supporting exhibits. Dkt. Nos. 112, 113. This

sum consisted of "attorneys' fees and expenses for the 16.3 hours spent seeking Defendants' compliance with the Court's January 3, 2024 and January 25, 2024 orders," summing to $3,946.50, "and the $15.80 in costs incurred in relation to Plaintiff's counsel's appearance at the February 21, 2024 hearing."  Dkt. No. 112 at 1.  The Court requested a status update regarding whether Defendants paid the invoice and, if so, when.  Dkt. No. 114.

On February 29, 2024, Plaintiff informed the Court that "Defendants paid the $500.00 stenographer's invoice, by check, which Plaintiff's counsel received on February 12, 2024," nine days before the show-cause hearing on February 21, 2024.  *See* Dkt. No. 115 at 1.  This timeline was confirmed by Plaintiff's counsel's time records.  *See* Dkt. No. 113-1 14 (indicating that, on a date between 2/9/2024 and 2/14/2024, Mr. Weiss and Mr. Borrelli emailed "regarding check received from Defendant") (ECF pagination).

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE for why the Court should grant his application for attorneys' fees given that the Court's February 21, 2024 order finding Mr. Rugova in contempt—and ordering that he pay attorneys' fees in turn—was predicated on a finding of clear and convincing evidence of non-compliance.  *See* Dkt. No. 111 at 4, 8.  The Court made this finding because "Plaintiff's counsel attested under penalty of perjury that Defendants have failed to pay the stenographers' fee."  *Id.* at 4 (citing Dkt. No. 109 ¶ 10 ("[A]s of the date of this filing, Plaintiff has not received any payment from Defendants.")).  But in fact, Defendants had paid the invoice by the date of the Court's February 21, 2024 order, which the Court later learned by letter dated February 29, 2024.  Plaintiff's response to this order to show cause, if any, is due no later than March 15, 2024.  Plaintiff need not respond if the application for attorneys' fees is withdrawn before that time.

SO ORDERED.

Dated: March 1, 2024  
New York, New York

GREGORY H. WOODS  
United States District Judge

2