# BORRELLI & ASSOCIATES
## P.L.L.C.
www.employmentlawyernewyork.com

| 655 Third Avenue | 910 Franklin Avenue |
| --- | --- |
| Suite 1821 | Suite 200 |
| New York, NY 10017 | Garden City, NY 11530 |
| Tel. No. 212.679.5000 | Tel. No. 516.248.5550 |
| Fax No. 212.679.5005 | Fax No. 516.248.6027 |

March 2, 2024

*Via Electronic Case Filing*
The Honorable Gregory H. Woods
United States District Judge for the
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Benigno Argudo v. Rugo LLC et. al.*; Docket No.: 21-cv-05511 (GHW)

Dear Judge Woods:

      As this Court knows, we represent Plaintiff Benigno Argudo in the above-referenced post-judgment wage and hour matter against Defendants Rugo LLC d/b/a Portofino Restaurant and Mario Rugova, individually. We write in response to the Court's March 1, 2024 Order (ECF 118) for Plaintiff to show cause as to why the Court should grant his application for attorneys' fees and expenses given that the Court's February 21, 2024 order finding Defendant Rugova in contempt and ordering that he pay attorneys' fees was predicated on a finding of clear and convincing evidence of non-compliance, when Defendant Rugova paid the outstanding invoiced amount of $500.00 on February 12, 2024. Plaintiff submits that he should be awarded attorneys' fees and expenses because Defendants failed to comply with the Court's January 3, 2024 Order (ECF 104), and January 25, 2024 Order (ECF 106), until after Plaintiff was forced to file his order to show cause (ECF 107-109) on February 7, 2024.

      Indeed, on February 7, 2024, Plaintiff filed his Order to Show Cause (ECF 107-109), which contained the accurate statement, made under penalty of perjury, that "as of the date of this filing, Plaintiff has not received any payment from Defendants." ECF 109 ¶ 10. Indeed, Plaintiff's application concerned Defendants' failure to abide by the Court's January 3, 2024 Order (ECF 104), for Defendants to pay the amount of the U.S. Legal Support invoice for the deposition that Defendant Rugova failed to appear for, and the Court's January 25, 2024 Order (ECF 106), directing the same, which were predicated on Plaintiff's December 27, 2023 letter motion to

1

compel (ECF 102), and Plaintiff's January 23, 2024 letter motion for sanctions (ECF 105), respectively. Consequently, Plaintiff's February 7, 2024 application requested that the Court hold Defendants in contempt, that the Court impose monetary sanctions on Defendants, and that the Court grant Plaintiff his reasonable attorneys' fees for having to bring the contempt motion and enforce his rights under the Court's orders to begin with. ECF 108.

Only after the Court issued the February 7, 2024 Order to Show Cause did Defendants' counsel contact Plaintiff's counsel and request that Plaintiff's counsel personally speak with Defendant Rugova to provide information for payment of the U.S. Legal Support invoice. During that conversation, Plaintiff's counsel informed Defendant Rugova that the Court had ordered that he personally attend the February 21, 2024 conference, and that Plaintiff would not be withdrawing his application because not only had Rugova still not paid by that time, but the application additionally requested attorneys' fees and expenses associated with the considerable effort spent on obtaining his compliance.

On February 12, 2024, Plaintiff received Defendants' $500.00 check for the amount of the invoice from U.S. Legal Support. On February 13, 2024, the Court's deadline for the submission of Defendants' opposition papers, Defendants failed to submit any opposition to Court's Order Show Cause, or anything indicating that they had at least paid the U.S. Legal Support invoice. On February 20, 2024, Plaintiff's counsel appeared before the Court pursuant to the Court's ordered conference, but neither Defendant Rugova nor his counsel to appeared. At the conference, Plaintiff's counsel attempted to inform the Court that Plaintiff had received the check for the U.S. Legal Support invoice from Defendants, but the Court stated that it would not entertain any "*ex parte* communications," and did not want to hear anything from Plaintiff's counsel unless it concerned whether Defendants would be appearing for the conference. Despite this, Plaintiff's counsel stated that he had information for the Court concerning the status of Defendants' payment of the $500.00 check that was the subject of Plaintiff's application. In response, the Court stated, in sum and substance, that it was not interested in this information unless Plaintiff was withdrawing his application. However, because Plaintiff's application had requested attorneys' fees and expenses in relation to his repeated efforts and filings that were needed to obtain Defendants' compliance with the Court's January 3, 2024 and January 25, 2024 orders, Plaintiff's counsel responded that Plaintiff was not withdrawing his application. The Court then concluded the conference.

Thus, the Court's characterization of Plaintiff's request to be heard on the record at the conference as being an "*ex parte* communication," and the Court having prevented Plaintiff's counsel from stating that the $500.00 check had been received, led to the unanticipated misunderstanding that Defendants were not in compliance with having provided the $500.00 check at the time of the conference on February 20, 2024. Consequently, for the Court to state that it

"understood Mr. Rugova had not yet paid the $500 invoice . . . based on Plaintiff's counsel's . . . representations at the hearing," is an unfair characterization. ECF 118.

In sum, because Plaintiff was forced to expend time and effort in gaining Defendants' compliance with the Court's prior orders, Plaintiff maintains that attorneys' fees and expenses should be awarded due Defendants' prior non-compliance, because compliance could not be obtained without Plaintiff having filed his application, and due to Defendants' failure to oppose Plaintiff's Order to Show Cause application or even attend the conference, which was also in violation of the Court's February 7, 2024 Order.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

Andrew C. Weiss, Esq.
*For the Firm*

To:   All Counsel *via* ECF