```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
BENIGNO ARGUDO,                                                   :
                                        Plaintiff,                :
                                                                  :           1:21-cv-5511-GHW
                                                                  :
                  -against-                                       :              ORDER
                                                                  :
                                                                  :
RUGO, LLC, doing business as PORTOFINO                            :
RESTRAUANT, and MARIO RUGOVA,                                     :
                                                                  :
                                        Defendants.               :
----------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/6/2024

GREGORY H. WOODS, United States District Judge:

On February 21, 2024 the Court entered an order "hold[ing] Mr. Rugova in civil contempt for failing to comply with the Court's January 3, 2024, and January 25, 2024 orders," setting a graduated series of fines if Defendants failed to pay the invoice, and ordering Defendants "to pay Plaintiff reasonable attorneys' fees in an amount to be determined following Plaintiff's anticipated submissions" thereon. Dkt. No. 111 at 8. As the Court stated in its March 1, 2024 order, Dkt. No. 118, the Court had entered the contempt order predicated on the factual understanding that Mr. Rugova was indeed failing to comply with the Court's orders at the time. In other words, the Court understood that Mr. Rugova had not yet paid the $500 invoice as of the date of the hearing—February 21, 2024—based on Plaintiff's counsel's submissions prior to the hearing, as well as counsel's representations at the hearing.

In response to the Court requesting a status update regarding whether Defendants paid the invoice and, if so, when, *see* Dkt. No. 114, on February 29, 2024, Plaintiff informed the Court that "Defendants paid the $500.00 stenographer's invoice, by check, which Plaintiff's counsel received on February 12, 2024," nine days before the show-cause hearing on February 21, 2024, *see* Dkt. No. 115 at 1. This timeline was confirmed by Plaintiff's counsel's time records. *See* Dkt. No. 113-1 at 14

(indicating that, on a date between 2/9/2024 and 2/14/2024, Mr. Weiss and Mr. Borrelli emailed "regarding check received from Defendant") (ECF pagination).  The Court then ordered Plaintiff's counsel "to show cause for why the Court should grant his application for attorneys' fees given that the Court's February 21, 2024 order finding Mr. Rugova in contempt—and ordering that he pay attorneys' fees in turn—was predicated on a finding of clear and convincing evidence of non-compliance."  *See* Dkt. No. 118 at 2 (citing Dkt. No. 111 at 4, 8).  Again, the Court made this finding because "Plaintiff's counsel attested under penalty of perjury that Defendants have failed to pay the stenographers' fee."  Dkt. No. 111 at 4 (citing Dkt. No. 109 ¶ 10 ("[A]s of the date of this filing, Plaintiff has not received any payment from Defendants.")).  But in fact, Defendants had paid the invoice by the date of the Court's February 21, 2024 order, which the Court later learned by letter dated February 29, 2024.

Plaintiff's counsel responded to the order to show cause on March 2, 2024.  Dkt. No. 119.  In his response, Plaintiff's counsel asserted that he did not secure payment for the invoice until after the Court issued the February 7, 2024 order to show cause.  *Id.* at 2.  He then stated that "Defendants failed to submit any opposition to Court's Order Show Cause, or anything indicating that they had at least paid the U.S. Legal Support invoice."  *Id.*[1]  Notably, however, Plaintiff's counsel also failed to inform the Court of the payment—a factual predicate required in support of Plaintiff's own application.  Plaintiff's counsel presumably understood this:  he attested to Defendants' noncompliance in the declaration filed supporting the application to find Defendants in contempt.  *See* Dkt. No. 109 ¶ 10.  He then failed to include a further statement as to Defendants' compliance or noncompliance in the declaration accompanying the motion for attorneys' fees, which was predicated on the contempt order.  *See* Dkt. No. 113.

At the show-cause hearing on February 21, 2024, Plaintiff's counsel stated that he

---

[1] Defendants may have understood that their need to comply was mooted by their payment.

2

"attempted to inform the Court that Plaintiff had received the check for the U.S. Legal Support invoice from Defendants, but the Court stated that it would not entertain any '*ex parte communications*,' and did not want to hear anything from Plaintiff's counsel unless it concerned whether Defendants would be appearing for the conference." Dkt. No. 119 at 2. Plaintiff's counsel asserted that he did not withdraw the application for attorneys' fees "because Plaintiff's application had requested attorneys' fees and expenses in relation to his repeated efforts and filings that were needed to obtain Defendants' compliance with the Court's January 3, 2024 and January 25, 2024 orders." *Id.* He continues to maintain that he is entitled to attorneys' fees and expenses because Defendants' "compliance could not be obtained without Plaintiff having filed his application, and due to Defendants' failure to oppose Plaintiff's Order to Show Cause application or even attend the conference." *Id.* at 3.

Plaintiff's counsel's description of the February 21, 2024 conference is inaccurate. At the conference, the Court stated that it would not accept *ex parte* communications. Then, upon Plaintiff's counsel stating that he "ha[d] information about" the "status of the $500 payment," the Court responded that "the only information that would change anything is *if it is completely paid* such that you are withdrawing any application here." Transcript of February 21, 2024 Hearing at 2:8–10 (emphasis added). But Plaintiff's counsel responded that "[t]he application is not withdrawn . . . ." *Id.* at 2:13–14. As a result, the Court understood that the invoice was not completely paid. By continuing his application, Plaintiff's counsel was requesting that the Court grant the relief originally requested—payment of the $500 invoice.

The Court went on to remind Plaintiff's counsel that he could submit a letter to the Court if there is anything that he wished to communicate. *See id.* at 3:16–17 ("THE COURT: . . . If there is anything that you want to submit to the Court in writing, you can do that."). That was an invitation to counsel to provide the Court with any pertinent information in a way that would not constitute an

3

*ex parte* communication.

Plaintiff's counsel declined to do so—both for the *nine-day period* between the date on which Plaintiff's counsel received the invoice and the show-cause hearing, and following the show-cause hearing, despite this exchange. As a result, the Court entered the contempt order based on an incorrect factual understanding that Mr. Rugova was indeed failing to comply with the Court's orders at the time. For nine days, Plaintiff's counsel made no effort to apprise the Court of this mistake of fact; and Plaintiff's counsel declined the opportunity to do so at the February 21, 2024 hearing, or before or after the hearing in a writing to the Court. Accordingly, the Court's contempt order, Dkt. No. 111, is vacated. Plaintiff's counsel's application for attorneys' fees and expenses is denied.

In the period after Plaintiff's counsel was paid the $500, the Court prepared for and ordered a hearing, wrote an eight-page opinion granting the order for contempt, and considered counsel's application for attorneys' fees. Plaintiff's counsel's continued pursuit of a $500 payment that had, in fact, already been paid, diverted the Court's resources from the resolution of other matters. The Court requests that counsel be mindful of the duty of candor to the Court in the future.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 112.

SO ORDERED.

Dated: March 6, 2024  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge